J-S66044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY MICHAEL BALLARD | |
| Appellant | No. 309 MDA 2016 |

Appeal from the PCRA Order January 22, 2016
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001234-2013

BEFORE:  BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED SEPTEMBER 23, 2016**

Anthony Michael Ballard ("Appellant") appeals from the order entered in the Schuylkill County Court of Common Pleas, which dismissed his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm and grant counsel's petition to withdraw.

The PCRA court set forth the relevant facts and procedural history of this appeal as follows:

> [A]ppellant was charged with first degree murder and conspiracy in the shooting death of an unarmed young man. He and his counsel negotiated a plea agreement with the [Commonwealth] which was submitted to the [c]ourt on September 19, 2014. The agreement provided that the first degree murder charge would be *nol prossed* and that a charge of third degree murder would be amended to the

---

[1] 42 Pa.C.S. §§ 9541-9546.

information. [Appellant] was to plead guilty to the third degree murder charge and receive a sentence of 15 to 30 years. He was also to plead to conspiracy and receive a concurrent sentence of 9½ to 19 years.

The [c]ourt advised the parties that the recommended sentence was unacceptable, and [Appellant] advised the [c]ourt that he did not want to go forward with an open plea and withdrew his petition to enter a plea of guilty.

On October 16, 2014, [Appellant] presented the [c]ourt with a new petition to enter a plea of guilty. This was also a negotiated plea. The plea was accepted after conducting a plea colloquy which included informing [Appellant] that he was pleading guilty to third degree murder and conspiracy to commit that crime. The plea agreement was also reviewed with [Appellant], and he acknowledged his understanding that the agreement called for him to receive a sentence of 15 to 30 years for third degree murder and a consecutive sentence of 9½ to 19 years for conspiracy. It was further explained that his total sentence would be 24½ to 49 years.

No [direct] appeal was taken, but on September 15, 2015, [Appellant] filed a petition for post-conviction relief. Counsel was appointed and an extension of time was allowed for filing an amended petition. Counsel filed an amended petition stating five general "theories" with no specific allegations.

At the PCRA hearing on January 21, 2016, when counsel for the Commonwealth objected to the lack of specificity in [Appellant's] petition, PCRA counsel stated that [A]ppellant was advised by trial counsel at the time of his plea that the conspiracy charge would merge into the third degree murder charge so there would be no additional sentence to be served for conspiracy. The Commonwealth indicated no prejudice should [A]ppellant be allowed to make an oral amendment to his petition, and the amendment was allowed.

Appellant testified that the original plea agreement calling for a sentence of 15 to 30 years was rejected by the [c]ourt, and then the Commonwealth made a new offer of

15 to 30 years "plus the 9 and a half to 19". (PCRA hearing 1/21/16[,] p. 11). He went on to claim that he did not understand the difference between consecutive and concurrent and that he believed that his total sentence was to be 15 to 30 years. He also acknowledged that, after the first plea agreement was rejected, his trial counsel told him that the Commonwealth wanted more time than the 15 to 30 years. (PCRA hearing[,] 1/21/16[,] p. 16). Appellant further insisted in his testimony that trial counsel and the [c]ourt told him that his total sentence would be 15 to 30 years.

These claims were refuted both by trial counsel's testimony and [A]ppellant's guilty plea colloquy wherein the [c]ourt specifically explained to [A]ppellant that his total sentence would be 24½ to 49 years. (Guilty plea[,] p. 1). This [c]ourt found [A]ppellant's claims to be meritless and denied his petition for relief. An order was filed the same day, January 21, 2016.

On February 24, 2016, appellant filed a *pro se* notice of appeal. On March 2, 2016, [A]ppellant was ordered to file a concise statement of matters complained of on appeal. Appellant was provided with transcripts of the PCRA and sentencing proceedings and granted an extension to provide his concise statement. A second extension was also allowed.

On April 27, 2016, the Superior Court entered an order discharging a previous show cause order dated March 30, 2016, which was directed to Appellant and PCRA counsel. The April 27 order also reminded PCRA counsel that he was still counsel of record and Appellant that he may only act through counsel. On May 3, 2016, PCRA counsel filed a motion to withdraw as counsel. This Court ordered PCRA counsel to file a ***Finley***[2] letter and include an explanation of his compliance with Pa.R.Crim.P. 904(F)(2). On May 13, 2016, PCRA counsel filed a copy of what he designated as a "***Finley*** letter" and had sent to [A]ppellant.

_____

[2] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

P.C.R.A. Court Pa.R.A.P. 1925(a) Opinion, filed June 7, 2016, at 1-4.

In the *Finley* letter, counsel advised Appellant that he had filed a motion to withdraw and that "[i]f the Court were to permit [him] to withdraw as counsel, [Appellant] would have the right to proceed *pro se* or to hire private counsel to represent [him]." The PCRA court then ordered counsel to file an "*Anders*[3]" brief with this Court. Counsel then sent Appellant an additional letter requesting him to send proof to the PCRA court to show when his appeal was placed into the hands of the prison authorities, and, pursuant to the prisoner mailbox rule, timely filed. The letter asked Appellant to "respond to this letter with a detailed description of what issues you feel are appropriate for [a]ppeal." On July 7, 2016, Appellant filed a time stamped copy of a cash slip requesting postage from the Department of Corrections to prove when he mailed the notice of appeal along with a response to counsel's letter. Appellant's response indicated that he was not pleased with counsel's decision to withdraw or his opinion that his claims were meritless. He continued to assert in this letter that his sentence was illegal.

---

[3] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa.2009). Counsel seeking to withdraw representation on a collateral appeal must follow the mandates of *Commonwealth v. Turner*, 544 A.2d 927 (Pa.1988) and *Finley, supra.*

Before we address Appellant's claims on appeal, we must determine whether we have jurisdiction to hear this appeal.

> The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act. Absent extraordinary circumstances, an appellate court lacks the power to enlarge or extend the time provided by statute for taking an appeal. Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal.

*Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa.2014) (internal citations omitted).

The Rules of Appellate Procedure provide, in relevant part:

**Rule 3304. Hybrid Representation**

Where a litigant is represented by an attorney before the Court and the litigant submits for filing a petition, motion, brief or any other type of pleading in the matter, it shall not be docketed but forwarded to counsel of record.

Pa.R.A.P. 3304.

The Published Internal Operating Procedures of the Superior Court provide:

**§ 65.24. Hybrid Representation.**

Where a litigant is represented by an attorney before the Court and the litigant submits for filing a petition, motion, brief or other type of pleading in the matter, it shall not be accepted for filing, but noted on the docket and forwarded to counsel of record.

Exceptions:

> 1. A pro se notice of appeal received from the trial court shall be docketed, even in instances where the pro se was represented by counsel in the trial court.

210 Pa. Code § 65.24.

Here, the PCRA court denied Appellant's petition for relief on January 21, 2016. He was, at that time, represented by counsel. On February 18, 2016, Appellant filed a *pro se* notice of appeal.[4] The clerk of courts docketed the appeal, but failed to forward Appellant's *pro se* filing to his attorney. The PCRA court then ordered Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b), instead of directing counsel to file such a statement. Appellant did not file a concise statement.

Although Appellant did not file a Pa.R.A.P. 1925(b) statement, we decline to quash this appeal because we find there has been a breakdown in the court's operation, specifically, the court's failure to forward Appellant's *pro se* notice of appeal to counsel and its failure to direct counsel to file a Rule 1925(b) statement. ***See Commonwealth v. Leatherby***, 116 A.3d 73, 79 (Pa.Super.2015) ("[An appellant] should not be precluded from appellate

---

[4] Although Appellant's notice of appeal was not stamped as filed until February 24, 2016, pursuant to the prisoner mailbox rule, Appellant's *pro se* filing would be considered filed February 18, 2016, the day he placed it in the hands of the prison authorities. ***See Commonwealth v. Patterson***, 931 A.2d 710, 714 (Pa.Super.2007) ("Pursuant to the prisoner mailbox rule, we deem a document filed on the day it is placed in the hands of prison authorities for mailing.").

review based on what was, in effect, an administrative breakdown on the part of the trial court.").

Next, we must determine whether PCRA counsel has complied with the technical requirements of **Turner** and **Finley**. **See Commonwealth v. Freeland**, 106 A.3d 768, 774 (Pa.Super.2014).

> Counsel petitioning to withdraw from PCRA representation must proceed under [**Turner/Finley** and] ... must review the case zealously. **Turner/Finley** counsel must then submit a "no merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel. Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa.Super.2012) (citations omitted).

Here, counsel filed a petition to withdraw and submitted a "no merit" brief[5] to this Court in which he stated that he had conducted a review of the

---

[5] Technically, counsel filed a "no merit" brief pursuant to **Anders** and **Santiago** instead of filing a brief pursuant to **Turner** and **Finley**. "Because an **Anders** brief provides greater protection to a defendant, this Court may

*(Footnote Continued Next Page)*

record and applicable law and concluded that the appeal was wholly frivolous. *See* No Merit Brief at 7. In his brief, counsel stated: "legal research and extensive criminal trial practice experience revealed that it was permissible for the [c]ourt to sentence [Appellant] to consecutive sentences under the circumstances of the case. Counsel in its examination of the case was unable to substantiate any foundation for any of the five theories outlined in [Appellant's] PCRA [p]etition.". *Id.* at 5. Counsel supplied a copy of the letter to Appellant along with his petition to withdraw. Although counsel erroneously advised Appellant of his right to proceed *pro se* or with privately retained counsel *if* the court granted his petition to withdraw,[6] counsel then remedied the error by sending Appellant another letter requesting that he detail the description of issues he wished to raise on appeal, and Appellant complied. This constitutes substantial compliance with the mandates of *Turner/Finley*, and we will now address the merits of Appellant's claims.

Our standard of review is well-settled. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*,

_____
(Footnote Continued)

accept an *Anders* brief in lieu of a *Turner*/*Finley* letter." *Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa.Super.2011).

[6] Counsel should have informed Appellant that he enjoyed these rights whether or not the court granted counsel's petition to withdraw.

86 A.3d 795, 803 (Pa.2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa.2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." **Commonwealth v. Robinson**, 82 A.3d 998, 1013 (Pa.2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa.Super.2014) (citation omitted).

Appellant alleged, in his PCRA petition and in his response to counsel's letter, that his sentence was illegal. In his PCRA petition, he argues that, because his plea agreement with the Commonwealth called for his sentences to run concurrently, the court violated the terms of his agreement by imposing his sentences consecutively to the sentence he was already serving, resulting in an illegal sentence.

First, we must determine whether Appellant's claim challenges the legality of his sentence.

> [O]ur case law draws a careful distinction between truly "illegal" sentences, and sentences which may have been the product of some type of legal error…The term "illegal sentence" is a term of art that our Courts apply narrowly, to a relatively small class of cases.

**Commonwealth v. Jacobs**, 900 A.2d 368, 373 (Pa.Super.2006).

> This class of cases includes: (1) claims that the sentence fell "outside of the legal parameters prescribed by the applicable statute"; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in ***Apprendi v. New Jersey***, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). These claims implicate the fundamental legal authority of the court to impose the sentence that it did.

***Commonwealth v. Robinson***, 931 A.2d 15, 21 (Pa.Super.2007).

> Following the acceptance of a negotiated plea, the trial court is not required to sentence a defendant in accordance with the plea agreement. Such a sentence is legal, so long as it does not exceed the statutory maximum. However, a criminal defendant who is sentenced to more than was agreed upon in a negotiated plea may withdraw his guilty plea upon being deprived of the benefit of his bargain.

***Commonwealth v. Tann***, 79 A.3d 1130, 1133 (Pa.Super.2013), *reargument denied* (Dec. 19, 2013), *appeal denied,* 94 A.3d 1009 (Pa.2014).

Here, Appellant does not allege that his sentence exceeded the statutory maximum, or that the court imposed a sentence greater than the negotiated plea provided. He argues, rather, that his sentence is illegal because the court imposed his sentences for conspiracy and third degree murder consecutively. This is a challenge to the discretionary aspects of his sentence, which is not cognizable upon collateral review.[7] ***See***

---

[7] Moreover, at the guilty plea colloquy, the court specifically stated: "sentences could be imposed consecutively, which means one added on top of the other so that the maximum possible sentence that could be imposed for the two crimes that I've described to you is 80 years in jail." N.T., 10/16/2014, at 4.

- 10 -

*Commonwealth v. Taylor*, 65 A.3d 462, 467 (Pa.Super.2013). Thus, we agree with counsel that this issue is frivolous.

The other claims Appellant presented in his PCRA petition, which were cognizable under the PCRA, were that (1) his guilty plea was unlawfully induced; and (2) his counsel was ineffective for allowing him to enter into the guilty plea. His claims are belied by the record. *See* Written Plea Agreement, filed October 20, 2014 (indicating district attorney would recommend 15-30 years' incarceration for third degree murder and 9½-19 years' incarceration "consecutive" to the third degree murder, resulting in "24½-49 years" total); N.T. 10/16/2014, at 2-6 (full oral colloquy conducted, specifying recommended sentence of "24½-49 years"); N.T. 9/19/14, at 6 (court rejects first guilty plea because recommended sentence, with periods of incarceration being imposed concurrently, is not appropriate and guilty plea would only be accepted without a sentencing recommendation); Attorney's Certification (indicating counsel thoroughly explained written guilty plea colloquy to Appellant); N.T., 10/16/2014, at 2-3 (Appellant indicated that he discussed guilty plea with attorney and did not have any questions that had not been answered by counsel).

Further, after conducting an independent review of the record, we agree with counsel that there are no non-frivolous issues to be raised on appeal.

Order affirmed.  Petition to withdraw as counsel granted.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/23/2016